UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS LLC, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-1422 |
| PACKERS PLUS ENERGY SERVICES INC, *et al*, | § § § § | |
| Defendants. | § § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause, and under FED. R. CIV. P. 12(b)(6), is Defendants Packers Plus Energy Services Inc. and Packers Plus Energy Services (USA) Inc.'s (together, "Packers Plus") Motion to Dismiss, Doc. 26, Plaintiff Baker Hughes Oilfield Operations LLC's ("Baker Hughes") Complaint for Patent Infringement ("Complaint"), Doc. 1, Baker Hughes's Response, Doc. 27, and Packers Plus's Response, Doc. 28. Also before the Court is Baker Hughes's Motion to Compel Production of Technical Materials, Doc. 34, Packer Plus's Response, Doc. 40, and Baker Hughes's Reply, Doc. 43. Having considered the Motions, the facts in the record, and the applicable law, the Court concludes that Packer Plus's Motion should be denied and Baker Hughes' Motion should be granted.

Baker Hughes and Packers Plus supply specialized ball-actuated valves to frack oil wells. The valves open when a ball sits in a seat, allowing pressure to force the seat downhole, opening the valve. At issue is Baker Hughes's patent infringement claim and discovery concerning the pluggable seat in these valves.

**I. Background**

On May 8, 2017, Baker Hughes filed this lawsuit against Packers Plus, alleging

infringement of U.S. Patent No. 8,365,829 ("the '829 Patent"). Doc. 1. Packers Plus filed its Motion to Dismiss, Doc. 26. The parties next entered into a Joint Discovery/Case Management Plan wherein the parties disputed whether Baker Hughes should be allowed discovery under Local Patent Rule 2-1(b) prior to filing its Preliminary Infringement Contentions under Local Patent Rule 3-1. Doc. 29 at 11–15. And a discovery dispute ensued. Docs. 34, 40, & 43. Baker Hughes's Motion to Compel was referred to Magistrate Judge Stacy, Doc. 35, but was referred back to the Court.

Subsequently, Baker Hughes filed its Motion for Leave to file its First Amended Complaint ("FAC"), Doc. 54-1, which was initially opposed by Packers Plus. But on February 20, 2018, Packers Plus withdrew its opposition to the FAC. Doc. 56 at 1. The Court then granted Baker Hughes's motion, and Baker Hughes filed its FAC. Doc. 59.

In its Motion to Dismiss, Packers Plus asks the Court "Whether Baker Hughes fails to plead facts sufficient to state a plausible claim for patent infringement against Packers Plus." Doc. 26 at 5. The Court first addresses the Motion to Dismiss before addressing the Motion to Compel.

### *Allegations of Baker Hughe's First Amended Complaint (#59)*

In its FAC, Baker Hughes alleges the '829 Patent is "used with ball-drop fracking systems." Doc. 59 at 5. A ball-drop fracking system is illustrated in Baker Hughes's Motion to Compel, and is included here as a conceptual reference only:



Doc. 34 at 6.[1]

Within the ball-activated sliding sleeve, the '829 Patent includes a "pluggable seat" composed of two portions: First, an upstream cup that frequently holds a ball, described in the patent as a "frustoconical surface," or a bottomless cup, "receptive to a runnable member," usually a ball; and second, a downstream portion to prevent the ball from going through the cup, described as a "profile" within a "smaller" "radial dimension" "configured to increase resistance to extrusion of a runnable member past the pluggable seat," or something to stop the ball. Doc. 59 at 4–5, 30 ('829 Patent Claim 1). To increase resistance, the profile may use "one or more teeth, while in others it comprises a chamfer, knurl, serration, or buttress," Claims 2, 3, 7, 8, 9, or "a material attached to the pluggable seat" "to increase friction", Claims 10 & 13, or "require greater pressure to extrude the ball therepast," Claim 11. Doc. 59 at 5, 30. Also, according to Baker Hughes, the pluggable seat allows for "minimal material overlap" which "increase[es] the

---

[1] Baker Hughes also includes a video in its motion Motion to Compel: https://www.youtube.com/watch?v=vE6VrhHJ0x0. Doc. 34 at 5.

stage count in ball-drop fracking systems," or in other words, smaller seat increments allow for more valves in a given fracking tube. *Id*.

The pluggable seat as illustrated in the patent is below:



*Id*. at 24.

Baker Hughes alleges that Packers Plus makes and sells an infringing pluggable seat, infringing on claims 1, 10, 11, and 13. *Id*. at 15. Baker Hughes alleges that Packers Plus's valve "contains a seat that is receptive to a ball or a plug." *Id*. at 14. Allegedly like the '829 patent, the seat contains two portions: the first is "frustoconical" and the second downstream portion "has a radial dimension . . . smaller than . . . the first portion." *Id*. The seat also allegedly contains a profile, whether a "coating and/or physical structure" "configured to increase the seat's resistance to extrusion of a ball past the seat." *Id*. And by allegedly infringing on the '829 Patent,

Packer Plus "minimizing the differences in diameter needed between ball seats, . . . thereby increases the maximum number of available fracture stages." *Id*. at 15.

In support of their allegations, Baker Hughes attaches Packer Plus marketing literature. Docs. 59 at 31–105, 158–164, Ex. B–H, & Q.[2] The Court notes that the Original Complaint only generally references Exhibits B–H, and does not cite to them specifically when Baker Hughes makes its infringement assertions on "information and belief." Doc. 1 at 4–9. Unlike the Original Complaint, the FAC calls the Court's attention to Exhibit B & Q, which concerns Packer Plus's "StackFrac HD-X System." Doc. 59 at 32. Exhibit B indicates that this system includes "[a]n advanced seat and port activation design along with a proprietary anti-erosion coating enables smaller ball and seat increments to be used for increased stage counts." *Id*. at 14–15, 32. Exhibit Q indicates that the "StackFRAC HD-X system is capable of more than 80 single-point entry stages" compared with average systems that result in "35 to 40 stages." *Id*. at 160–61. The StackFRAC system accomplishes this change by a "recent development in ball-seat technology" that allows for "much smaller seat increments." *Id*. at 161.

Baker Hughes asserts, upon information and belief, that these materials evidence Packer Plus's patent violation because both systems include a pluggable seat with a method of increasing resistance to the ball going through the seat, which in turn allows for smaller seat increments, and those smaller seat increments allow for more available fracture stages. *Id*. at 14–15. Baker Hughes further asserts that additional evidentiary support will be available following discovery, citing FED. R. CIV. P. 11(b)(3), and presumably under Local Rule 2-1(b). *Id*. at 6.

---

[2] Baker Hughes is in possession of additional documents, which are not attached, and which the parties dispute access to. Docs. 46; 54-1 at 12–15. These documents are not considered by the Court at this time.

*Packers Plus's Motion to Dismiss (#26) and Reply (#28)*

In its Motion to Dismiss, Packers Plus contends that Baker Hughes fails "in any factual manner try to map features of the accused products to the asserted claims of the '829 Patent." Doc. 26 at 10. More specifically, Packers Plus asserts that Baker Hughes "points to nowhere in . . . pictures or exhibits to support the allegation accused products have a second portion "configured to increase resistance to extrusion of a runnable member." Doc. 26 at 9. Because the Complaint identifies "Packers Plus products" without "factual support tying, even speculatively, features of the accused products with the first portion and second portion," Baker Hughes' allegations are no more than "naked assertions devoid of further factual enhancement," which are insufficient to state a claim. *Id*. at 10.

In its Reply, Packers Plus reiterates that it is not asking for an "element-by-element infringement contention," again focuses on the second portion or "profile" feature, and suggests that P.R. 2-1(b) should not be allowed to "backfill the plaintiff's deficiencies." Doc. 28.

Packer Plus's Motion is now ripe for adjudication.

II. **Legal Standard**

Motions to dismiss are not unique to patent law, but are evaluated under the law of the regional circuit. *Bascom Glob. Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)). Because of the recent abrogation of Form 18 of the Federal Rules of Civil Procedure, a complaint alleging patent infringement must comply with *Iqbal* and *Twombly* to state a claim under Rule 12(b)(6). *See Lubrizol Specialty Prods., Inc. v. Flowchem LLC*, 165 F. Supp. 3d 534, 538 (S.D. Tex. 2016) (and noting that this district has comprehensive procedures for use in patent case).

When a district court reviews a motion to dismiss under FED. R. CIV. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). "Dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim [is plausible on its face] when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544 (citations omitted). A court may also review the documents attached to a motion to dismiss if the complaint refers to the documents and they are central to the claim. *Kane Enters v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

But "[w]hen a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under rule 15(a) before dismissing the action." *Champlin v. Manpower Inc.*, No. 4:16-CV-421, 2016 WL 3017161, at *2 (S.D. Tex. May 26, 2016) (citing *Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The court should only deny leave to amend if it determines that "the

proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face. 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d. ed. 1990); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011).

In local patent cases, Rule 2-1(b) allows a party claiming patent infringement to state in the Joint Case Management Report, as Baker Hughes did here, that it "lacks sufficient information concerning the opponent's products. . . to provide the necessary specificity for the Preliminary Infringement Contentions." P.R. 2-1(b); Doc. 29 at 11–13. The presiding judge may order production sufficient to make the analysis within twenty 21 days. *Id*. The party claiming patent infringement must then disclose the Preliminary Infringement Contentions. P.R. 3-1. The Preliminary Infringement Contentions are more detailed infringement contentions than in the pleadings. *See Lubrizol Specialty Prods.*, 165 F. Supp. 3d at 538 (concluding that "it is not just and practicable to require pleadings in this patent case to contain the same level of specificity regarding direct infringement claims as are to be provided by the preliminary infringement contentions.").

### III. Motion to Dismiss

Packers Plus asserts that Baker Hughes does not use the exhibits to support the allegation that Packers Plus's pluggable seat has a second portion "configured to increase resistance to extrusion of a runnable member." Doc. 26 at 9. Because it alleges that Baker Hughes does not plead any facts in support, Packer Plus requests that this Court grant its Motion to Dismiss for Backer Hughes's threadbare assertions.

Although "it is a generally accepted principle that the filing of an amended complaint supersedes the prior complaint, a motion to dismiss, which attacks the original complaint for

deficiencies that persist in the amended complaint, should not be denied as moot." *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). In such a situation, the court should instead apply the motion to dismiss to the amended complaint. *Id.* (citing *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996); *Sunset Fin. Resources, Inc. v. Redevelopment Grp. V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006)).

Here, the alleged deficiency is cured by the FAC. Upon comparison of the Original Complaint and the FAC, the Court notes that the FAC uses Exhibits B & Q to tie Packers Plus's pluggable seat to the '829 Patent. Doc. 59 at 14–15, 32, 160–61. Even if the Original Complaint did not tie its assertions between the patent and the allegedly infringing products, Doc. 1, the FAC does so tie. Thus, the FAC's amendments moot Packers Plus's Motion to Dismiss. *See contra Mora*, 2007 WL 120006, at *2 (concluding that motion to strike was not mooted because the claims in the amended complaint were materially identical those in the original complaint). And the FAC need not be as detailed as the preliminary infringement contentions will be. *See Lubrizol Specialty Prods.*, 165 F. Supp. 3d at 538. Accordingly, the Court hereby

**ORDERS** that Packer Plus's Motion to Dismiss is **DENIED**.

IV.   **Motion to Compel**

"A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.2000)). Under Rule 37, a party may move for an order compelling discovery. FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are "relevant to any party's claim or

defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). If the moving party meets its burden, "the burden then shifts to the party resisting discovery to show why the discovery . . . should not be permitted." *Marin v. Gilberg*, No. CV-07-62, 2009 WL 426061, at *2 (S.D. Tex. Feb. 19, 2009).

Here, the FAC moots Packer Plus's objections because its objections were directed against the Original Complaint, and the FAC cures its objections.

In its Motion to Compel, Baker Hughes requested Packers Plus to produce technical "documents describing the detailed structure, composition, and operation of Packers' Accused Products, including all versions of Packers' FracPort products." Doc. 34 at 4. Baker Hughes also served three Requests for production concerning drawings and diagrams, ball or plug catching mechanisms, and ball catching surfaces, as follows:

> **Request For Production No. 1:**
>
> All technical Documents concerning the Accused Products, including, but not limited to, CAD drawings, part diagrams, assembly diagrams, schematics, plans, process diagrams, specifications, well completion diagrams, job reports, daily logs, final reports or the like.
>
> **Request For Production No. 2:**
>
> All Documents concerning the mechanism or mechanisms by which each Accused Product catches and retains a ball or plug, including, but not limited to, Documents depicting and/or describing the geometry of said mechanism or mechanisms.
>
> **Request For Production No. 3:**
>
> All Documents concerning the mechanism or mechanisms by which each Accused Product inhibits a ball or plug from extruding through the Accused Product, including, but not limited to, Documents depicting and/or describing every surface within the Accused Product that is adapted to contact a ball or plug

*Id*. at 8.

Packers Plus responded by asserting that part of the Motion to Compel was moot, but some of the documents were still withheld and contested: it had produced the "ball seat design" documents, but had not produced the "coatings" documents. Doc. 40 at 2. Packers Plus withheld the coatings documents because the Original "Complaint does not allege or implicate such 'coatings' as infringing features in the accused products." *Id*. at 5. Thus, Packers Plus asserts that it need not produce the coatings documents as "outside the allegations" and "not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1)." Baker Hughes replied, asserting that its Original Complaint did allege or implicate the coatings involved in the ball seat design in claims 10 and 13. Doc. 43 at 2.

Baker Hughes explicitly references coatings in its FAC. Doc. 59 at 14. Baker Hughes references coatings both in reference to the profile, *id*. at 14 ¶ 57, and the anti-erosion coating mentioned in Exhibit B attached to the FAC, i*d*. at 42. Because Packers Plus's objections were grounded in the Original Complaint's lack of reference to coatings, those objections are now moot. *See Mora*, 2007 WL 120006, at *2 (holding that an amended complaint replaces the earlier complaint). And so, Packers Plus has not met its burden as to why the discovery should not be permitted. *See Marin*, 2009 WL 426061, at *2. Accordingly, the Court hereby

**ORDERS** that the Baker Hughes's Motion to Compel, Doc. 34, as to the "coatings" documents is **GRANTED**.

Baker Hughes is, however, cautioned that following this discovery, it must file timely its Preliminary Infringement Contentions under Local Patent Rule 3-1.

V.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, Doc. 26, is **DENIED** without

prejudice.

**IT IS FURTHER ORDERED** that Baker Hughes's Motion to Compel, Doc. 34, as to the "coatings" documents is **GRANTED**

**SIGNED** at Houston, Texas, this 6th day of March, 2018.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE